UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JESSICA KING,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION, et al.,<br><br>    Defendants. | Case No. 24-cv-03397-RMI<br><br>**ORDER RE: MANDATORY SCREENING OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)(2)(B)** |

Plaintiff King, proceeding *pro se*, brings this action seeking injunctive and monetary relief against twelve Defendants: The Federal Communications Commission, the Federal Trade Commission, Meta Platforms, Inc., NVIDIA Corporation, Mazar Technologies, Inc., Google, Secutus Technologies, Via Path/Global Tel-Link, Inter Active Corporate, Match Group, Inc., Bumble, Inc., and Meet Group, Inc. *See* Compl. (Dkt. 1) at 2-5. The court previously granted Plaintiff's application to proceed *in forma pauperis* ("IFP") in accordance with 28 U.S.C. § 1915, (dkt. 6) and now considers whether Plaintiff's Complaint must be amended pursuant to the requirements of § 1915(e)(2)(B).

Any complaint filed pursuant to the IFP provisions of § 1915(a) is subject to mandatory review and *sua sponte* dismissal if the court determines the complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

A complaint may fail to state a claim if it violates the pleading requirements of the Federal

1  Rules of Civil Procedure. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047,
2  1058 (9th Cir. 2011). Rule 8 of the Federal Rules requires "a short and plain statement of the
3  claim" and that "each allegation" in the complaint "be simple, concise, and direct." Fed. R. Civ. P.
4  Rule 8(a)(2), 8(d)(1). "Although normally, verbosity or length is not by itself a basis for
5  dismissing a complaint," a pleading may not be "of unlimited length or opacity." *Cafasso*, 637
6  F.3d at 1058 (cleaned up). As such, a complaint that is "needlessly long … highly repetitious, or
7  confused, or consists of incomprehensible ramblings" violates Rule 8 (*id.* at 1059) and is subject
8  to dismissal at the screening stage. *See e.g.*, *Deuschel v. Cal. Health & Human Servs. Agency*,
9  2023 WL 7026932, *2 (N.D. Cal. Oct. 24, 2023) *and Phelps v. Alameda Hous. Auth.*, No. 23-cv-
10 04235-TSH, 2023 WL 7094570, *3-4 (N.D. Cal. Oct. 5, 2023).

11      Additionally, a complaint may be dismissed as "frivolous" where it "lacks an arguable
12 basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (cleaned up); *see also*
13 *Anderson v. Sy*, 486 F. App'x 644 (9th Cir. 2012) (holding that an action is properly dismissed as
14 frivolous where "the complaint contains indecipherable facts and unsupported legal assertions"
15 (citing *Jackson v. Arizona*, 885 F.2d 639, 640-41 (9th Cir. 1989) *superseded by statute on other*
16 *grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1100 (9th Cir. 2000))). "[A] finding of factual
17 frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly
18 incredible." *Denton*, 504 U.S. at 31; *see also Phelps*, 2023 WL 7094570 at *3.

19      Plaintiff's Complaint is 262 pages long. It is repetitive, contains blocks of irrelevant text,
20 and is largely incomprehensible. Although the Complaint deploys numerous legal theories, the
21 court cannot discern "what circumstances were supposed to have given rise to the various causes
22 of action." *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir.1996). Plaintiff has thus, failed to
23 state a "short and plain" claim for relief in violation of Rule 8 and dismissal is appropriate.
24 Further, the indecipherable nature of Plaintiff's complaint renders her claims frivolous. Many of
25 Plaintiff's allegations trend toward "the irrational or the wholly incredible." *See e.g.*, Compl. (Dkt.
26 1) at 12 (alleging that plaintiff was a part of a "military base experiment, which was a gamble
27 scheme to use and exploit children" from a young age). Thus, the Complaint is subject to
28 dismissal for frivolousness. Because this is Plaintiff's first attempt, the court will give Plaintiff an

United States District Court
Northern District of California

opportunity to file an amended complaint. Plaintiff is reminded that any amended complaint should state a "short and plain" claim for relief, and that her allegations should be "simple, direct, and concise." *See* Fed. R. Civ. P. Rule 8(a), 8(d)(1).

## CONCLUSION

For the foregoing reasons, Plaintiff is **ORDERED** to file an amended complaint in accordance with this order. Plaintiff shall have 45 days from the date of this order to file an amended complaint. Should Plaintiff fail to timely file an amended complaint the undersigned will issue a Report and Recommendation that the action be dismissed.

**IT IS SO ORDERED.**

Dated: June 21, 2024

ROBERT M. ILLMAN
United States Magistrate Judge